UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SANCHEZ JOHNSON, individually and on behalf of all others similarly situated, | | |
| Plaintiff, | | |
| -against- | | |
| INSIDER INC., | | 22 Civ. 6529 (AT) |
| Defendant. | | |
| DARMEL ROBY, JENNIFER JUENKE, JAMIE SPRITZER, and TIMOTHY STOKES, individually and on behalf of all others similarly situated, | | |
| Plaintiffs, | | |
| -against- | | 22 Civ. 6834 (AT) |
| INSIDER, INC., | | **ORDER** |
| Defendant. | | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/8/2022__

ANALISA TORRES, District Judge:

On September 6, 2022, the Court notified the parties that it intended to consolidate the above-captioned actions and directed the parties to file any requests to appoint interim counsel by September 13, 2022, and any opposition to consolidation by September 19, 2022. *See* 22 Civ. 6529, ECF No. 9. On September 13, 2022, Plaintiffs in both cases filed a motion to appoint interim class counsel. 22 Civ. 6529, ECF No. 14. None of the parties oppose consolidation. *See* 22 Civ. 6834, ECF No. 18. Accordingly, the above-captioned actions are CONSOLIDATED, and the Court appoints interim class counsel as described in this Order.

I.    Consolidation

Courts can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*. *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). Consolidation

is appropriate when actions pending before the court "involve a common question of law or fact." Fed. R. Civ. P. 42(a).  Courts consider consolidation "a valuable and important tool of judicial administration," and often invoke consolidation to "eliminate unnecessary repetition and confusion."  *Devlin*, 175 F.3d at 130 (quotation marks and citations omitted).  Courts assessing whether consolidation is appropriate "consider both equity and judicial economy."  *Id.*

Here, the Court concludes that consolidation is appropriate.  None of the parties oppose it. In fact, the parties jointly filed a proposed order of consolidation indicating that Plaintiffs in both actions and Defendant have conferred and agree that consolidation is appropriate.  *See* 22 Civ. 6834, ECF No. 18.  In each action, Plaintiffs bring a putative class action against the same defendant for alleged violations of the Video Privacy Protection Act ("VPPA") arising out of Defendant's use of a "Meta Pixel," which disclosed Plaintiffs' personally identifiable information and viewing history to Meta, Inc.  *See* 22 Civ. 6834, ECF No. 1 ¶¶ 1–8; 22 Civ. 6529, ECF No. 1 ¶¶ 8–51; *see also* 22 Civ. 6834, ECF Nos. 4, 18.  The actions involve common questions of law and will likely involve some common questions of fact.  *See Alali v. DeBara*, No. 07 Civ. 2916, 2008 WL 11517814, at *1–2 (S.D.N.Y. Sept. 17, 2008).  The Court further finds that consolidation shall avoid unnecessary cost, delay, and repetition.

Accordingly, the above-captioned cases are CONSOLIDATED for all purposes pursuant to Federal Rule of Civil Procedure 42(a).

II.     Appointment of Interim Class Counsel

On September 13, 2022, Plaintiffs in both actions filed a motion to appoint Bursor & Fisher, P.A. ("Bursor"), Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg"), and Girard Sharp LLP ("Girard") as co-lead interim class counsel, and Lowey Dannenberg P.C.

("Lowey") as liaison counsel (collectively, the "Firms").  22 Civ. 6529, ECF No. 14; *see also* Pl. Mem., 22 Civ. 6529, ECF No. 15.

Rule 23(g)(3) of the Federal Rules of Civil Procedure "authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made." Fed. R. Civ. P. 23(g) advisory committee's note (2003).  Designating interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Breakwater Trading LLC v. JPMorgan Chase & Co.*, No. 20 Civ. 3515, 2020 WL 5992344, at *2 (S.D.N.Y. Oct. 9, 2020) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004)).  Rule 23(g)(3)provides that, "[w]hen one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate." Fed. R. Civ. P. 23(g)(2).  "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *Bernstein v. Cengage Learning, Inc.*, No. 18 Civ. 7877, 2019 WL 6324276, at *1 (S.D.N.Y. Nov. 26, 2019) (quoting *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016)).  As such, the Court considers: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1).

The Firms have identifed and investigated this VPPA litigation, demonstrating that they have and will continue to fairly and adequately represent the proposed class.  The Firms have thus far investigated the functionality of the Meta Pixel, confirmed Defendant's use of the Meta Pixel

and other code on its website, investigated Plaintiffs' video-watching behavior on Defendant's website and Facebook's record of those personal details obtained through the Meta Pixel and other code, investigated legal claims arising from Defendant's use of the Meta Pixel and other code, researched Defendant's corporate structure, investigated the nature of the challenged conduct at issue here by interviewing potential clients, investigated the adequacy of the named Plaintiffs to represent the putative class, conferred with potential consulting experts regarding the technical aspects of Defendant's conduct, and drafted and filed the complaints in these actions.  Pl. Mem. at 5–6.  Therefore, the first 23(g) factor weighs in favor of appointing the Firms.

The Firms also have substantial experience handling complex consumer litigation, class action litigation, data privacy actions, and VPPA actions in federal courts across the country, including in this district.  *Id.* at 6–15.  Thus, the second 23(g) factor favors appointing the Firms. The Firms' track record of successfully litigating large-scale consumer and complex actions in this district, and the fact that they are currently litigating other VPPA claims involving the Meta Pixel in other courts across the country, indicates that the Firms are familiar with the factual and legal issues likely to arise in this action.  *Id.* at 15–16.  Therefore, the third 23(g) factor counsels in favor of appointing the Firms.  And, the Firms are well-established and have the resources and personnel necessary to pursue this case.  *Id.* at 16.  The Firms have already committed substantial resources to pursuing these actions, and there is no reason to doubt that they will continue to devote the necessary resources to prosecuting the consolidated action.  *Id.* at 16–18.  Thus, the fourth 23(g) factor favors appointing the Firms.  Accordingly, Bursor, Milberg, and Girard are appointed co-lead interim class counsel with Lowey as liaison counsel.

## CONCLUSION

The above-captioned cases are CONSOLIDATED for all purposes pursuant to Federal Rule of Civil Procedure 42(a), and Bursor, Milberg, and Girard are appointed co-lead interim class counsel with Lowey as liaison counsel.  Additionally:

1. Plaintiffs shall file a consolidated complaint within thirty days of this Order;

2. Defendant shall respond to the consolidated complaint within thirty days of the filing of the consolidated complaint; and

3. The parties shall file a jointly proposed case management plan within forty-five days of this Order.

The Clerk of Court is directed to terminate the motion at 22 Civ. 6529, ECF No. 14, and consolidate the above-captioned actions, with 22 Civ. 6529 as the lead case.  The Clerk of Court is further directed to amend the caption to read "In re Insider, Inc. Pixel-VPPA Litigation."

SO ORDERED.

Dated: November 8, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge